UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BRENT TURNER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01350 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Donald Brent Turner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On November 20, 2008, Movant Donald Brent Turner ("Movant") was convicted, following a jury trial, of one count of conspiracy to manufacture more than five hundred grams of a mixture or substance containing methamphetamine and one count of manufacturing more than five hundred grams of a mixture or substance containing methamphetamine. On February 5, 2009, the Court sentenced Movant to 120 months of imprisonment on both counts – the mandatory minimum sentences for the offenses at issue – and ordered the sentences to run concurrently. Movant timely appealed his convictions and sentence, and the Eighth Circuit affirmed. *United States v. Turner*, 583 F.3d 1062 (8th Cir. 2009).

In his § 2255 Motion, Movant seeks to raise again several of the issues that were considered and decided on direct appeal, and he also presents two claims of prosecutorial misconduct. In the prosecutorial misconduct claims, Movant contends that his conviction should

be set aside because (1) co-defendant Larry Sanders told the prosecutor prior to trial that Movant was not responsible for the relevant drugs; and (2) the prosecutor made speculative statements during closing argument that were not supported by the evidence.

## II. LEGAL STANDARD

A federal prisoner who seeks relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on [§ 2255]," and the Eighth Circuit has only deviated from that general rule in cases involving convincing new evidence of actual innocence or similarly extraordinary circumstances. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2)

actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

If a movant is not procedurally barred from bringing a § 2255 motion, the court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

## III. DISCUSSION

At the outset, the Court finds that the first three claims raised in Movant's Motion must be denied because they were raised and decided on direct appeal. As noted above, matters decided on direct appeal cannot be relitigated in a § 2255 proceeding absent extraordinary circumstances. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). In its opinion addressing Movant's direct appeal, the Eighth Circuit expressly considered and rejected Movant's challenges to the admission of Pamela Trotter's testimony under Federal Rule of Evidence 404(b), to the Court's denial of Movant's motion for acquittal at the close of the evidence, and to the imposition of the mandatory minimum sentences. *See United States v. Turner*, 583 F.3d 1062, 1065-68 (8th Cir. 2009). As such, these three claims must be denied as facially inadequate.

Turning to Movant's claims of prosecutorial misconduct, the Court first notes that these claims have been procedurally defaulted because they were not raised on direct appeal, and Movant has not offered any allegations that would support findings of cause for the default and actual prejudice. *See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). In the interest of providing closure, however, the Court will address these claims briefly to show that Movant would not be entitled to relief, even if the procedural bar were inapplicable.[1]

The first of the claims asserts that the Government engaged in prosecutorial misconduct in bringing the indictment against him, because co-defendant Larry Sanders had given a statement exculpating Movant. To be entitled to relief due to prosecutorial misconduct, Movant must show "that (1) the prosecutor's remarks or conduct were improper; and (2) the conduct affected the defendant's substantial rights so as to deprive him of a fair trial." *United States v. Fenner*, 600 F.3d 1014, 1022 (8th Cir. 2010). The Government took the position through the proceedings against Movant that Sanders was not telling the truth – a position evidently accepted by the jury in finding Movant guilty in spite of Sanders' testimony at trial – and Movant offers no authority for the proposition that the Government was required to credit Sanders' statements at the pre-indictment stage. In any case, it is well-established that the Government is under no obligation to present exculpatory evidence to the grand jury. *See United States v. Williams*, 504 U.S. 36, 51-55 (1992). Furthermore, even if the Court accepted Movant's argument that the Government presented insufficient evidence to the grand jury to support the indictment, that error was cured by the petit jury's ultimate findings that Movant was guilty beyond a reasonable doubt

---

[1] Movant's second prosecutorial misconduct claim, concerning alleged improper statements during closing argument, was also improperly raised in Movant's Reply, providing yet another ground on which it could be denied.

on both counts at issue. *See United States v. Taken Alive*, 513 F.3d 899, 903-04 (8th Cir. 2008). This claim would not entitle Movant to relief even if it had been properly raised.

Movant's second prosecutorial misconduct claim alleges that the Government made improper speculative statements about the evidence in its closing argument. Accepting these allegations as true, Movant cannot establish that the error so affected his substantial rights that it deprived him of a fair trial, because the Eighth Circuit concluded that the evidence properly offered at trial was sufficient to support both of his convictions. *See United States v. Turner*, 583 F.3d 1062, 1066-68 (8th Cir. 2009). As such, the allegations underlying this claim, even if true, would be insufficient to entitle Movant to relief under § 2255.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required in order for the Court to issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted). Therefore, the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

## V. CONCLUSION

Movant's Motion will be denied without an evidentiary hearing. His claims concerning the admission of Pamela Trotter's testimony under Federal Rule of Evidence 404(b), the Court's denial of Movant's motion of acquittal at the close of the evidence, and the imposition of the mandatory minimum sentence were considered and decided on direct appeal, and therefore cannot be relitigated in this § 2255 proceeding. Movant's remaining two claims of prosecutorial misconduct were procedurally defaulted because he failed to raise them on direct appeal and has

not offered any allegations concerning cause for the default and actual prejudice, and these claims are also facially insufficient to entitle him to relief under § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Donald Brent Turner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 28th Day of June, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE